# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ALPHONSUS A. DENIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HESS CORPORATION, HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP., GLENCORE LTD., and COSMOGONY II, INC., | ) ) ) ) ) |
| | ) Civil Action No. 2021-0177 |
| Defendants, | ) |
| | ) |
| | ) |
| HESS CORPORATION and HESS OIL NEW YORK CORP., | ) ) |
| | ) |
| Cross-Claimants/ Cross-Defendants, | ) ) |
| | ) |
| v. | ) |
| | ) |
| GLENCORE LTD., | ) |
| | ) |
| Cross-Defendant/ Cross-Claimant. | ) ) |

**Attorneys:**
**J. Russell B. Pate, Esq.,**
St. Thomas, U.S.V.I.
**Korey A. Nelson, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
Dallas, TX
    *For Plaintiff*

**Carl A. Beckstedt, III, Esq.,**
St. Croix, U.S.V.I.

**Carolyn F. O'Connor, Esq.,**
Florham Park, NJ
    *For Defendants Hess Corporation and*
     *Hess Oil New York Corp.*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Glencore Ltd.*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Strike the First Amended Complaint, or in the Alternative, to Deny Joinder" ("Motion to Strike") (Dkt. No. 27) filed by Defendant Glencore Ltd. ("Glencore"). Plaintiff Alphonsus Denis ("Plaintiff") filed an Opposition to the Motion to Strike (Dkt. No. 33) and a "Motion to Remand This Action to the Superior Court" ("Motion to Remand") (Dkt. No. 34). Glencore then filed a "Reply" in support of its Motion to Strike (Dkt. No. 36), and an Opposition to the Motion to Remand (Dkt. No. 35). Subsequently, Glencore also filed a Motion to Supplement the Record ("Motion to Supplement") (Dkt. No. 49) and then withdrew, without explanation, the Motion to Supplement. (Dkt. No. 50).[1]

The substantive issues raised by Glencore's Motion to Strike and Plaintiff's Motion to Remand have already been addressed by the Court in its recent opinion in *Gregory Mathurin v.*

---

[1] Glencore's Motion to Supplement raised claims of deliberate, false representations allegedly made by Plaintiff's counsel in his Renewed Motion for Default Judgment. (Dkt. No. 49 at 1, 4-7, 10-11). A knowingly false representation to the Court is, of course, a serious allegation which the Court does not take lightly. Nor does the Court take lightly when such serious allegations are made and then withdrawn without explanation. However, because the alleged misrepresentations do not affect the Court's findings in its Remand Opinion, the Court will leave any issue of allegedly false representations to be addressed, as appropriate, in the context of the Renewed Motion for Default Judgment where they were asserted.

*Glencore Ltd.*, Case No. 1:2021-cv-0176, 2022 WL 991378 (D.V.I. Mar. 31, 2022). The Court's analysis of the relevant issues and its rationale for denying the Motion to Strike and granting the Motion to Remand in *Mathurin* apply equally here and are incorporated herein by reference.

**UPON CONSIDERATION** of the aforementioned motions and responses, and for the reasons set forth in the Court's Memorandum Opinion entered in *Mathurin v. Glencore Ltd.*, Case No. 1:2021-cv-176, 2022 WL 991378 (D.V.I. Mar. 31, 2022), it is hereby

**ORDERED** that Glencore's Motion to Strike (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Remand (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to **REMAND** the above-captioned matter to the Superior Court of the Virgin Islands; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED.**

Date:  April 7, 2022                              _____/s/_____
                                                  WILMA A. LEWIS
                                                  District Judge